ORIGINAL

FILED
APR 9 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MARSHA L. LOCKER, PERSONAL REPRESENTATIVE to the ESTATE of GERALD N. COOPER, §

MARSHA L. LOCKER, PERSONAL REPRESENTATIVE to the ESTATE of MARGIE L. COOPER A/K/A MARJORIE L. COOPER, §

RICHARD J. PANNICO and PATRICIA A. PANNICO, and §

WARREN A. SECORD, §

Plaintiffs, §

v. §

UNITED STATES OF AMERICA §

Defendant. §

CIVIL NO. 08-255 T

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs, Marsha L. Locker, Personal Representative to the Estate of Gerald N. Cooper and Marsha L. Locker, Personal Representative to the Estate of Margie L. Cooper, a/k/a Marjorie L. Cooper, (collectively the "Coopers") is a citizen of the United States of America whose mailing address and residence is 3127 South Vine Court, Englewood, CO, 80110. She represents the estates of the Coopers. See Exhibits "A" and "B" attached. The Coopers' residence before their deaths was also 3127 South Vine Court, Englewood, CO, 80110.

2. Plaintiffs Richard J. Pannico and Patricia A. Pannico (the "Pannicos") are citizens of the United States of America whose mailing address and residence is 1905 Highgate Rd., Pittsburg, PA. 15241.

3. Plaintiff Warren A. Secord ("Secord") is a citizen of the United States of America whose mailing address and residence is 1110 W. Meeker St., Kent, WA 98032.

4. The Defendant is the United States of America.

5. This is a suit arising under Sections 7422, 6401, 6402, 6212, 6213, 6230, and 6404 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

6. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

**COUNT ONE**
**Cooper**
**(Calendar Year 1983)**

7. The Coopers filed a timely federal income tax return for calendar year 1983 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1467 and XXX-XX-2690, respectively.

8. Mr. Cooper was a limited partner in Breathless Associates ("Breathless"), a limited partnership, for 1983.

9. A dispute arose between the IRS and Breathless as to certain partnership items reported on the partnership's tax returns.

10. On October 18, 1999, the Coopers and the IRS entered into a Closing Agreement with respect to the Breathless dispute.

11. On October 16, 2000, the IRS made a "Quick Assessment" of tax of $8,761.00 and an assessment of interest of $46,256.84 to the Cooper's 1983 tax account.

---

1 References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

12. The Coopers paid those assessments in full, including abatements due to application of prior credits.

13. On September 18, 2003, the Coopers timely filed with the IRS a claim for refund of $8,761.00 of tax and all interest assessed and paid after October 1, 2000, for 1983.

14. The IRS has never disallowed that claim.

15. As grounds for recovery, the Coopers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1983:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of

deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

i. First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

ii. Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

16. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

17. The Coopers estates are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT TWO**
**Cooper**
**(Calendar Year 1984)**

18. The Coopers filed a timely federal income tax return for calendar year 1984 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1467 and XXX-XX-2690, respectively.

19. Mr. Cooper was a limited partner in Breathless Associates ("Breathless"), a limited partnership, for 1984.

20. A dispute arose between the IRS and Breathless as to certain partnership items reported on the partnership's tax returns.

21. On October 18, 1999, the Coopers and the IRS entered into a Closing Agreement with respect to the Breathless dispute.

22. On October 16, 2000, the IRS made a "Quick Assessment" of tax of $6,091.00 and an assessment of interest of $27,490.47 to the Cooper's 1984 tax account.

23. The IRS assessed additional interest on the Coopers 1984 tax account on April 23, 2001 ($1,904.35), and March 18, 2002 ($1,434.32).

24. The Coopers paid those assessments in full.

25. On September 18, 2003, the Coopers timely filed with the IRS a claim for refund of $6,091.00 of tax and all interest assessed and paid after October 1, 2000, for 1984.

26. The IRS has never disallowed that claim.

27. As grounds for recovery, the Coopers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1984:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the

taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

i. First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays

by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

ii. Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

28. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

29. The Coopers estates are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT THREE**
**Cooper**
**(Calendar Year 1985)**

30. The Coopers filed a timely federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1467 and XXX-XX-2690, respectively.

31. Mr. Cooper was a limited partner in Breathless Associates ("Breathless"), a limited partnership, for 1985.

32. A dispute arose between the IRS and Breathless as to certain partnership items reported on the partnership's tax returns.

33. On October 18, 1999, the Coopers and the IRS entered into a Closing Agreement with respect to the Breathless dispute.

34. On October 16, 2000, the IRS made a "Quick Assessment" of tax of $5,656.00 and an assessment of interest of $21,715.71 to the Cooper's 1985 tax account.

35. The IRS assessed additional interest on the Coopers 1985 tax account on April 23, 2001 ($1,554.58), and March 18, 2002 ($1,176.41).

36. The Coopers paid those assessments in full.

37. On September 18, 2003, the Coopers timely filed with the IRS a claim for refund of $5,656.00 of tax and all interest assessed and paid after October 1, 2000, for 1985.

38. The IRS has never disallowed that claim.

39. As grounds for recovery, the Coopers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their

distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

i. First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon

requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

ii. Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

40. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

41. The Coopers estates are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT FOUR**
**Cooper**
**(Calendar Year 1986)**

42. The Coopers filed a timely federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax

return, are XXX-XX-1467 and XXX-XX-2690, respectively.

43. Mr. Cooper was a limited partner in Breathless Associates ("Breathless"), a limited partnership, for 1986.

44. A dispute arose between the IRS and Breathless as to certain partnership items reported on the partnership's tax returns.

45. On October 18, 1999, the Coopers and the IRS entered into a Closing Agreement with respect to the Breathless dispute.

46. On October 16, 2000, the IRS made a "Quick Assessment" of tax of $6,618.00 and an assessment of interest of $21,337.50 to the Cooper's 1986 tax account.

47. The IRS assessed additional interest on the Coopers 1986 tax account on February 26, 2001 ($999.94), April 23, 2001 ($591.40), and March 18, 2002 ($2,019.89).

48. The Coopers paid those assessments in full.

49. On September 18, 2003, the Coopers timely filed with the IRS a claim for refund of $6,618.00 of tax and all interest assessed and paid after October 1, 2000, for 1986.

50. The IRS has never disallowed that claim.

51. As grounds for recovery, the Coopers restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years

of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

i. First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements

with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

ii. Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

52. Over six (6) months have elapsed since the Coopers filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

53. The Coopers estates are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT FIVE**
**Pannico**
**(Calendar Year 1985)**

54. The Pannicos filed a timely federal income tax return for calendar year 1985 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-4944 and XXX-XX-2517, respectively.

55. Mr. Pannico was a limited partner in Cinema '84 Associates ("Cinema '84"), a limited partnership, for 1985.

56. A dispute arose between the IRS and Cinema '84 as to certain partnership items reported on the partnership's tax returns.

57. On August 7, 1999, the Pannicos and the IRS entered into a Closing Agreement with respect to the Cinema '84 dispute.

58. On February 7, 2000, the IRS assessed $8,150.00 of tax and $28,311.43 of interest to the Pannicos' 1985 tax account.

59. The Pannicos paid those assessments in full.

60. On April 13, 2002, the Pannicos timely filed with the IRS a claim for refund of $8,150.00 of tax and $28,395.06, for 1985.

61. The IRS has never disallowed that claim.

62. As grounds for recovery, the Pannicos restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1985:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors

set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

i. First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this

partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

ii. Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

63. Over six (6) months have elapsed since the Pannicos filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

64. The Pannicos are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT SIX**
**Secord**
**(Calendar Year 1984)**

65. Secord filed a timely federal income tax return for calendar year 1984 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-8896.

66. Mr. Secord was a limited partner in Lone Wolf McQuade Associates ("Lone Wolf McQuade"), a limited partnership, for 1984.

67. A dispute arose between the IRS and Lone Wolf McQuade as to certain partnership items reported on the partnership's tax returns.

68. On October 18, 1999, Secord and the IRS entered into a Closing Agreement with respect to the Lone Wolf McQuade dispute.

69. On October 4, 2000, the IRS made a "Quick Assessment" of tax of $8,157.00 and an assessment of interest of $18,896.18 to Secord's 1984 tax account.

70. Secord had made advance payments to his 1984 tax account and, therefore, was issued a refund of $14,108.58 on April 16, 2001.

71. On September 27, 2002, Secord timely filed with the IRS a claim for refund of $8,157.00 of tax and $18,896.18, for 1984.

72. The IRS has never disallowed that claim.

73. As grounds for recovery, Secord restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1984:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. This request for refund is requested by Mr. Secord, who is entitled to this refund as he was the source of the tax payments for 1984, 1985 and 1986 and only he may request a refund under I.R.C. §6402(a) and Revenue Rulings 74-611 and 80-8. Mr. and Mrs. Secord did file originally as married filing joint, but only Mr. Secord paid the tax deficiencies sought to be recovered by this claim.

74. Over six (6) months have elapsed since Secord filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

75. Secord is the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT SEVEN**
**Secord**
**(Calendar Year 1985)**

76. Secord filed a timely federal income tax return for calendar year 1985 and paid the taxes reported due on that return. his taxpayer identification number, as reflected on that tax return, is XXX-XX-8896.

77. Secord was a limited partner in Lone Wolf McQuade Associates ("Lone Wolf McQuade"), a limited partnership, for 1985.

78. A dispute arose between the IRS and Lone Wolf McQuade as to certain partnership items reported on the partnership's tax returns.

79. On October 18, 1999, Secord and the IRS entered into a Closing Agreement with respect to the Lone Wolf McQuade dispute.

80. On October 4, 2000, the IRS made a "Quick Assessment" of tax of $10,852.00 and an assessment of interest of $24,069.85 to Secord's 1985 tax account.

81. Secord had made advance payments to his 1985 tax account and, therefore, was issued a refund of $11,355.66 on May 21, 2001.

82. On September 27, 2002 Secord timely filed with the IRS a claim for refund of $10,852.00 of tax and $24,,069.85, for 1985.

83. The IRS has never disallowed that claim.

84. As grounds for recovery, Secord restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1985:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of

deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. This request for refund is requested by Mr. Secord, who is entitled to this refund as he was the source of the tax payments for 1984, 1985 and 1986 and only he may request a refund under I.R.C. §6402(a) and Revenue Rulings 74-611 and 80-8. Mr. and Mrs. Secord did file originally as married filing joint, but only Mr. Secord paid the tax deficiencies sought to be recovered by this claim.

85. Over six (6) months have elapsed since Secord filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

86. Secord is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

**COUNT EIGHT**
**Secord**
**(Calendar Year 1986)**

87. Secord filed a timely federal income tax return for calendar year 1986 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-8896.

88. Secord was a limited partner in Lone Wolf McQuade Associates ("Lone Wolf McQuade"), a limited partnership, for 1986.

89. A dispute arose between the IRS and Lone Wolf McQuade as to certain partnership items reported on the partnership's tax returns.

90. On October 18, 1999, Secord and the IRS entered into a Closing Agreement with respect to the Lone Wolf McQuade dispute.

91. On October 4, 2000, the IRS made a "Quick Assessment" of tax of $11,469.00 and an assessment of interest of $23,839.56 to Secord's 1986 tax account.

92. Secord's 1986 liabilities were paid in full by advance payments to his 1986 tax account and a credit applied from his 1993 tax account.

93. On September 27, 2002, Secord timely filed with the IRS a claim for refund of $11,469.00 of tax and $23,859.44, for 1986.

94. The IRS has never disallowed that claim.

95. As grounds for recovery, Secord restates and incorporate by references the averments set forth in the Explanation to his refund claim for 1986:

a. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related

to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

b. The claim is timely. It is being filed within two years from the date of payment.

c. This request for refund is requested by Mr. Secord, who is entitled to this refund as he was the source of the tax payments for 1984, 1985 and 1986 and only he may request a refund under I.R.C. §6402(a) and Revenue Rulings 74-611 and 80-8. Mr. and Mrs. Secord did file originally as married filing joint, but only Mr. Secord paid the tax deficiencies sought to be recovered by this claim.

96. Over six (6) months have elapsed since Secord filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

97. Secord is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiffs, Marsha L. Locker, Personal Representative to the Estate of Gerald N. Cooper and Marsha L. Locker, Personal Representative to the Estate of Margie L. Cooper, a/k/a Marjorie L. Cooper pray for judgment against the Defendant the United States of America in the amount of $27, 126.00 plus all interest assessed and paid after October 1, 2000 or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs, Plaintiffs Richard J. Pannico and Patricia A. Pannico pray for judgment against the Defendant the United States of America in the amount of $36,545.06 or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Plaintiffs, Plaintiff Warren A. Secord prays for judgment against the Defendant the United States of America in the amount of $97,283.59 or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding, Esq.

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFF
WILLIAM L. GREEN

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

☒ District Court ☐ Denver Probate Court
ARAPAHOE County, Colorado
Court address: 7325 S. Potomac Street
Englewood, CO 80112

IN THE MATTER OF ☒ THE ESTATE OF
☒ Deceased ☐ Protected Person ☐ Minor ☐ Incapacitated Person
GERALD NELLIS COOPER, a/k/a GERALD N. COOPER
a/k/a GERALD COOPER

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address):
Jay H. Chapman
1355 S. Colorado Blvd., Suite 600
Denver, CO 80222

Phone Number: (303) 759-4004 E-Mail:
FAX Number: (303) 757-0231 Atty. Reg. #:

Case Number: 99PR414

Division Courtroom

## LETTERS

(Name) MARSHA LEE LOCKER
was appointed or qualified by this Court or its Registrar on (date) 1-24-2001 as:

☒ Personal Representative.
☐ These are Letters of Administration. (The decedent did not leave a will.)
☒ These are Letters Testamentary. (The decedent left a will.)
☐ Special Administrator in ☐ an informal ☐ a formal proceeding. These are Letters of Special Administration.
☐ Conservator. These are Letters of Conservatorship.
☐ The protected person is a minor whose date of birth is ________.
☐ Guardian. These are Letters of Guardianship for
☐ an incapacitated person. ☐ a minor whose date of birth is ________.
Appointment or qualification is by ☐ court order. ☐ will. ☐ written instrument.

☐ ________

These Letters evidence full authority, except for the following limitations or restrictions, if any:

No restrictions

DISTRICT COURT SEAL

Date: 1-29-01

[signature]
(Deputy) Clerk or Registrar of Court

## CERTIFICATION

Certification Stamp or

Certified to be a true copy of the original in my custody and to be in full force and effect as of: 1-29-01 (Date)

[signature]
(Deputy) Clerk of Court



EXHIBIT "A"

☒ District Court ☐ Denver Probate Court
ARAPAHOE County, Colorado
Court address: 7325 S. Potomac Street
Englewood, CO 80112

IN THE MATTER OF ☒ THE ESTATE OF
☒ Deceased ☐ Protected Person ☐ Minor ☐ Incapacitated Person
MARJORIE LEE COOPER a/k/a MARJORIE L. COOPER a/k/a MARGIE L. COOPER a/k/a MARGIE COOPER

▲ COURT USE ONLY ▲

Attorney or Party Without Attorney (Name and Address):
Jay H. Chapman
1355 S. Colorado Blvd., Suite 600
Denver, CO 80222
Phone Number: (303) 759-4004 E-Mail:
FAX Number: (303) 757-0231 Atty. Reg. #: 00645

Case Number: 00PR1126

Division Courtroom

## LETTERS

(Name) MARSHA LEE LOCKER
was appointed or qualified by this Court or its Registrar on (date) DEC 0 8 2000 as:

☒ Personal Representative.
☐ These are Letters of Administration. (The decedent did not leave a will.)
☒ These are Letters Testamentary. (The decedent left a will.)
☐ Special Administrator in ☐ an informal ☐ a formal proceeding. These are Letters of Special Administration.
☐ Conservator. These are Letters of Conservatorship.
☐ The protected person is a minor whose date of birth is ________.
☐ Guardian. These are Letters of Guardianship for
☐ an incapacitated person. ☐ a minor whose date of birth is ________.
Appointment or qualification is by ☐ court order. ☐ will. ☐ written instrument.

☐ ________

These Letters evidence full authority, except for the following limitations or restrictions, if any:

No restrictions

Date: DEC 0 8 2000

DISTRICT COURT SEAL ARAPAHOE COUNTY COLORADO

(Deputy) Clerk or Registrar of Court

## CERTIFICATION

Certification Stamp or

Certified to be a true copy of the original in my custody and to be in full force and effect as of: DEC 0 8 2000 (Date)

(Deputy) Clerk of Court

EXHIBIT "B"


Bradford Publishing, 1743 Wazee St., Denver, CO 80202 — 303-292-2500 — www.bradfordpublishing.com — 8-00